

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:JDL
F. #2010R00245

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 1, 2013

<u>By Hand and ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Kenneth Davis,
                  <u>Criminal Docket No. 10-277 (S-4) (KAM)</u>

Dear Judge Matsumoto:

      The government respectfully submits this letter in advance of the sentencing of the defendant Kenneth Davis. In his sentencing memorandum, the defendant has requested a sentence of probation. For the reasons stated below, the government respectfully submits that a sentence within the advisory United States Sentencing Guidelines range of 46 to 57 months' imprisonment is appropriate in this case. Sentencing is scheduled for October 10, 2013.

I.    <u>Background</u>

      On February 10, 2012, the defendant pleaded guilty, pursuant to a plea agreement, to count two of the superseding indictment (S-4), charging him with the Hobbs Act robbery of the residents of 1767 East 7th Street in Brooklyn on December 22, 2009, in violation of 18 U.S.C. § 1951(a).

      After extensive litigation, the parties have agreed to adopt the facts set forth in the Presentence Investigation Report ("PSR"). The parties also agree that the applicable Sentencing Guidelines range is as stipulated in the plea agreement:

| | |
|---|---|
| Base Offense Level (2B3.1(a)) | 20 |
| Dangerous Weapon Brandished (2B3.1(b)(2)(E)) | +3 |
| Loss Greater Than $50,000 (2B3.1(b)(7)(C)) | +2 |
| Less: Acceptance of Responsibility (3E1.1(a)) | <u>-2</u> |
| Total: | <u>23</u> |

The defendant's offense level of 23 and Criminal History Category of I (PSR ¶¶ 63-65) result in a Guidelines range of imprisonment of 46 to 57 months. The parties agree that the multiple other robberies committed by the defendant may not be included in his Guidelines range because he pleaded guilty to a single substantive robbery, but may be considered by the Court pursuant to 18 U.S.C. § 3553(a). (Cf. PSR ¶¶ 66, 103 (noting that the other robberies could not be included in the Guidelines calculation); Def. Sent. Mem. at 7 (noting the wide discretion of a district court to consider all relevant information when imposing sentence).)

The defendant was an integral member of a crew of home-invasion robbers and burglars. As a lookout, his job was to watch the outside of the house while his co-conspirators entered it and were inside, and to monitor a police scanner. (PSR ¶¶ 6, 12, 17, 22, 24.)

The acts of the robbers that were fully enabled by the defendant's actions are harrowing. In the December 22, 2009 robbery, the robbers broke into a home, used screwdrivers and cutting instruments to threaten three residents (including two children), and forced their victims into a bathroom while they ransacked the home. (Id. ¶ 6.) In the March 25, 2009 robbery, the robbers broke into a home and threatened the victim, who was the mother of an acquaintance of Davis, with firearms. (Id. ¶ 12.) Davis was the driving force behind the May 28, 2008[1] robbery, which was undertaken because he believed that there was a safe containing valuables inside the house. (Id. ¶ 16.) Davis's co-conspirators broke into the home, armed with handguns, where they bound the hands and covered the mouth of a teenage male victim with duct tape. One of Davis's co-conspirators also bound a teenage female victim with pantyhose or socks and duct tape; pulled down her shorts, exposing her lower body; and made a lewd sexual comment. A co-conspirator pointed his handgun at the adult male victim and directed another co-conspirator to bind the victim with duct tape. The adult male victim was also pistol whipped. (Id. ¶¶ 17-19, 30.) In the July 3, 2009 robbery, the robbers broke into a home and threatened two elderly victims with knives. One co-conspirator pulled the elderly female victim out of bed and ordered her to open a safe at knifepoint. (Id. ¶ 22.) In the summer 2009 robbery, which is the only robbery that involved a drug-dealer victim, a co-conspirator stabbed the victim. (Id. ¶ 24.)

---

[1] The PSR erroneously states that this robbery occurred on May 28, 2009.

## II. A Guidelines Sentence of Imprisonment Is Warranted

The defendant pleads for a sentence of probation. The government respectfully submits that a sentence within the advisory United States Sentencing Guidelines range of 46 to 57 months' imprisonment is appropriate in this case.

As a threshold matter, the government notes that the defendant received a favorable plea disposition wherein he pleaded guilty to a single substantive robbery count. As a result, his Guidelines range does not take into account the other robberies which he committed. However, these other robberies may be considered by the Court pursuant to 18 U.S.C. § 3553(a). The favorable Guidelines treatment that the defendant has already received militates strongly against any departure below the applicable Guidelines range.

The defendant bases his plea for a sentence of probation primarily on his claims that his own conduct was not violent and that he has accepted responsibility for his actions. Both of these arguments are a poor fit for the defendant's criminal conduct and circumstances.

The defendant admits, as he must, that the robberies he was involved in are violent crimes. In each of the robberies, the co-conspirators threatened and perpetrated acts of violence on their victims, all of whom except the drug-dealer victim of the summer 2009 robbery, were complete innocents. Although the defendant now seeks to distance himself from the actions of his co-conspirators, as a lookout, he was an essential member of the criminal enterprise. Simply put, it is not possible for a crew to commit multiple robberies and burglaries of private residences in New York City without a trusted lookout to watch the backs of the robbers on the inside. Moreover, the defendant's hands are not nearly as clean as he would make them out to be. In the March 25, 2009 robbery, the defendant served as a lookout for the robbery of a home where an acquaintance of his lived with his mother. Inside, the co-conspirators threatened the mother with firearms. Most notably, the defendant was the driving force behind the May 28, 2008 robbery, which the robbery crew undertook because Davis believed that there was a safe containing valuables inside the house. Inside, the co-conspirators terrorized three victims with handguns, acted in a sexually inappropriate manner toward the teenage female victim, and pistol whipped the adult male victim. The defendant's attempt to characterize his conduct as non-violent rings hollow. Likewise, his citations to numerous court opinions and Department of Justice statements – none of which were intended to apply to a defendant who was a member of a home-invasion robbery and burglary crew – are completely inapposite and irrelevant.

The defendant also pleads with the Court to show him mercy because he claims he has accepted responsibility for his actions and learned the error of his ways. The defendant's conduct during the pendency of this case shows that he is entitled to no additional reduction

3

in sentencing for this reason other than the two-level reduction for acceptance of responsibility already factored into his Sentencing Guidelines range.  The defendant was arrested on November 16, 2010, nearly three years ago.  He pleaded guilty on February 10, 2012, just three days before jury selection was set to begin.  The defendant then vigorously contested the offense conduct set forth in the PSR.  Again, the defendant denied his conduct until the eleventh hour, this time withdrawing his objections and conceding the accuracy of the PSR on April 24, 2013, only after the Court had convened for a Fatico hearing that day.  In the defendant's own letter to the Court, he states that he was "terrified to admit [his crime] to my family and especially to my mother."  (Docket entry  242-1.)  It is clear that the defendant's family members and friends who have written letters of support have long been kept in the dark about the actions that the defendant refused to admit.  The government submits that it is equally clear that the defendant's claim to have turned over a new leaf is just the latest example of his pattern of accepting responsibility only when pushed to the brink, this time of a substantial incarceratory sentence.

III.    Conclusion

For these reasons, the government respectfully submits that the Court should sentence the defendant within the advisory United States Sentencing Guidelines range of 46 to 57 months' imprisonment.

    Respectfully submitted,

    LORETTA E. LYNCH  
    United States Attorney

By:    /s/ Justin D. Lerer  
    Justin D. Lerer  
    Assistant U.S. Attorney  
    (718) 254-6124

cc:  Sam A. Schmidt, Esq. (by ECF)  
    United States Probation Officer Roberta Houlton (by e-mail)